**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOEL CALDERON,

      Plaintiff,

      v.                                          No. CV-2011-0482 WJ/GBW

JESSE HERRERA and the
JESSE HERRERA LAW FIRM, P.C.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

THIS MATTER comes before the Court upon Plaintiff's Motion for Attorney's Fees and Costs pursuant to this Court's Order Imposing Sanctions Against Defendant, filed May 16, 2012 (Doc. 23). Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion for fees and costs is both well-taken and not well-taken with regard to certain categories of time expended, as discussed below.

**BACKGROUND**

The Court recently entered a Memorandum Opinion and Order granting Defendant's motion to set aside the Clerk's entry of default, but also finding that sanctions are appropriate in the form of attorney fees and costs associated with Plaintiff's filing of a request for the entry of default (Doc. 5) and the motion for default judgment (Doc. 10). *See* Doc. 22. Plaintiff's counsel was ordered to submit to the Court an affidavit and time sheet for the relevant fees and costs, and Defendants were given two weeks to contest the amount requested by Plaintiff. Doc. 22 at 14.

**DISCUSSION**

A court will generally determine what fee is reasonable by first calculating the lodestar– the total number of hours reasonably expended multiplied by a reasonable hourly rate--and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome. *Hensley v. Eckerhart*, 461 U. S. 424, 433-34 (1983). In adjusting the lodestar, there is no precise rule or formula. The Court has discretion to determine the amount of a fee award. *Id. See Hensley*, 461 U.S. at 434 n.9 (setting out examples of factors the court may consider in adjusting the lodestar, and citing to citing to *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir.1974)), *abrogated in part on other grounds, Blanchard v. Bergeron*, 489 U.S. 87 (1989).

Plaintiff seeks fees in the amount of $9,720.00 and $524.05 for reimbursement of costs expended, amounting to a total of $10,244.05. The theme of Defendants' objections is that some of the requested fees and costs are related to neither Plaintiff's request for entry of default (Doc. 5), or the motion for default judgment (Doc. 10), pursuant to the Court's Order allowing Plaintiff to seek fees in this matter. In addressing them, the Court's objective is to have Plaintiff's counsel reimbursed for fees and expenses related to motions which would not have been filed were it not for Defendants' dilatory conduct in this case.

Defendants do not object to the requested hourly rate of $300.00, and the Court finds the rate appropriate for counsel's level of experience and skill. *See* Doc. 23-1. The next step is to determine whether the requested amount of fees are reasonable based on the nature of the work done. The Court has reviewed Defendants' objections, and finds as follows:

1. *Paragraphs 3 & 4*:[1]

    a. The Court agrees with Defendants that Plaintiff would have incurred the fees costs related to service of process (3.2 hours, or $960.00 in fees, and $128.90 in costs) even without the entry of default. The Court SUSTAINS THE OBJECTION, and finds that the amount of $1,088.90 will be deducted from the requested amount.

2. *Paragraphs 7 &8:*

    a. The Court OVERRULES DEFENDANTS' OBJECTION that the time Plaintiff spent responding to Defendants' motion to set aside the entry of default (7.3 hours) falls outside the scope of the Court's Order allowing the request for fees. While Defendants prevailed on the motion, that motion was filed only as a result of Plaintiff's motions for default having been filed. Thus, the motion to set aside default was sufficiently related to Plaintiff's motions to bring it within the scope of the Court's Order allowing an award of fees and costs.

3. *Paragraphs 10, 11 &12:*

    a. Defendants object to an award regarding paragraphs 10 and 11 (1.2 hours) and paragraph 12 (7.9 hours), which relate to the hearing held in this case on March 29, 2012. The Court OVERRULES the objections. All the issues addressed at the hearing were directly related to Plaintiff's motions for default, including Defendants' motion to set aside the default.

4. *Paragraph 13*:

---

[1] Defendants' objections are based on paragraphs set out in Plaintiff's affidavit describing the work done as listed in the time sheet. *See* Doc. 23-1 and 23-2.

      a.      The Court SUSTAINS Defendants' objections to reimbursement for 4.9 hours of work ($1,470.0) and $45 in costs which relates to Defendants' brief in support of their motion to set aside default and in preparing the response to that brief, as being outside the scope of the Court's Order allowing fees and costs.  The Court will deduct the amount of $1515.00 ($1,470.00 + $45.00) from the requested amount.

5.    *Paragraph 14:*

      a.      The Court SUSTAINS Defendants' objections regarding the 2.1 hours ($630) spent by Plaintiff in preparing materials necessary to the request for fees and costs.  Also, Plaintiff has withdrawn the request for fees for this amount of time.  Thus, $630 will be deducted from the total amount requested.

## CONCLUSION

The total amount to be deducted from Plaintiff's requested amount of $10,244.05 is $3,233.90.  Accordingly, the total amount of fees and costs which the Court awards to Plaintiff is **$7010.15**.

    **SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE