IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOEL CALDERON,

      Plaintiff,

      v.                                                                           Civil No. 11-482 WJ/GBW

JESSE HERRERA and the
JESSE HERRERA LAW FIRM, P.C.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO JOIN THIRD-PARTY DEFENDANT**
**AND**
**REQUIRING FILING OF THIRD-PARTY COMPLAINT BEFORE DISMISSING CASE**
**WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

THIS MATTER comes before the Court upon Defendants' Motion for Leave to File a Third-Party Complaint, filed August 24, 2012 (**Doc. 38**). Having reviewed the parties' briefs and applicable law, I find that Defendants' motion is well-taken and shall be GRANTED. As a result of this ruling, the case will be dismissed without prejudice for lack of subject matter jurisdiction once Defendants file the third-party complaint.

**BACKGROUND**

The facts of this case are set out in detail in the Court's previous Order which set aside the Clerk's Entry of Default that had been entered in this case. *See* Doc. 22. The Court restates the facts which are relevant to the instant motion.

The complaint in this case is essentially a legal malpractice claim against the Jesse Herrera Law firm ("Defendants" or "Herrera") and includes claims for breach of contract,

misrepresentation and frauds. This Court has jurisdiction based on diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In August 2007, Plaintiff and the Defendants entered into a contract that Defendants would represent Plaintiff in a lawsuit arising out of an incident in which Plaintiff was shot by an officer of the Las Cruces Police Department. According to the federal complaint, Mr. Herrera accepted a retainer, but took no action on the case except to file the complaint a year later in New Mexico State District Court, Fifth Judicial District, County of Dona Ana, Cause No. CV-2008-2228.  The complaint was dismissed in December 2009 because Defendants had failed to comply with two scheduling Orders issued by the Court and had failed to respond to a Notice of Intent to Dismiss.  Plaintiff claims that the case cannot be re-filed because of the statute of limitations, and contends that his damages for what would have been alleged civil rights violations amounted to at least $1 million.

A Clerk's Entry of Default was filed on September 27, 2011 (Doc. 8).  Subsequently, Plaintiff filed a motion for default judgment by the Court on October 18, 2011 (Doc. 10) and Defendants filed a motion to set aside the Clerk's entry of default.  The Court held an evidentiary hearing regarding the latter two motions.

Defendants' position is that because Mr. Herrera was not licensed to practice law in the State of New Mexico, Mr. Herrera associated with Mr. Jeffrey Smith, a New Mexico attorney, to represent Plaintiff in litigating the state court case. According to this purported agreement, Mr. Smith was responsible for filing the complaint in the underlying case and for receiving all the discovery notices regarding the complaint at his office. Mr. Herrera stated that at some point while the state court case was pending, he had informed Plaintiff that he would no longer represent him and advised him to find other counsel because Plaintiff had subsequently been indicted for recent violent felonies and incarceration which would have a negative effect on his

credibility as a witness.[1] According to Defendants, Mr. Smith was also responsible for finding out about Plaintiff's subsequent convictions.

In a Memorandum Opinion and Order entered following the hearing, the Court concluded that sanctions were appropriate against Defendants, but denied Plaintiff's request for default judgment because there remained "some questions regarding the effectiveness of service." Doc. 22 at 12. The Court granted Defendants' motion to set aside the Clerk's entry of default and ordered Plaintiff's counsel to submit to the Court proof of fees and costs associated with Plaintiff's filing of a request for the entry of default and the motion for default judgment. Upon submission of those documents, and Defendants' objections to Plaintiff's requested fees and costs, the Court ruled that Plaintiff's counsel was entitled to an award of $7,010.15. Doc. 29.

## DISCUSSION

In this motion, Defendants request that the Court grant them leave to file a Third-Party Complaint against Jeffrey Smith, the attorney whom Mr. Herrera associated with in the underlying state court case pursuant to an employment contract. The wrinkle here is that, joining Mr. Smith to the federal lawsuit would destroy diversity—and thus subject matter jurisdiction over this case—because Mr. Smith is a New Mexico resident. Plaintiff opposes the motion on the grounds that Defendants wish to delay the case and force Plaintiff to re-file in state court.

As best the Court can determine, Defendants wish to have the case dismissed under Fed.R.12(b)(7) (dismissal for failure to join a Rule 19(a) party) and Plaintiff contends that Defendants' request to join Mr. Smith is improper. However, neither party has given much thought to the relevant issues because neither the motion nor the response refers to (much less

---

[1] In December 2008, Plaintiff was indicted, and later pled guilty/no contest to three felony charges and was sentenced to nine months of incarceration in the Dona Ana County Detention Center. *See* Doc. 11 at 1; Doc. 20-5.

discusses) what the appropriate legal standard might be, or what federal rule of civil procedure applies.

## I.     Improper Joinder

For the federal court to have jurisdiction, diversity must be complete; thus "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005).  Defendants are not precluded from seeking joinder under Rule 19 unless the request is improper.  The Tenth Circuit has stated that "[t]o prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indemnity*, 211 F.3d 1278 (unpublished), No. 99-2225, 2000 WL 525592 at *2 (10th Cir., April 14, 2000)3 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).[2]

The party asserting improper or fraudulent joinder bears the burden of proof. *Montano*, 211 F.3d at 2000); Plaintiff cannot meet this burden.  Plaintiff in this case has accused Defendants of committing legal malpractice and other violations of state law.  In the draft Third-Party Complaint (Doc. 38-1), Defendants allege that pursuant to the contract of employment between Plaintiff and Defendants, Defendants were given the authority to associate with any attorney of Defendants' choice to assist in the performance of the contract.  Defts' Ex. A.  Mr. Smith agreed to work on the case, and was paid a $1,000 retainer by Defendants.  Doc. 38-1, ¶ 4-5.  Mr. Smith filed the state court complaint and entered an appearance in that case.  ¶¶ 8-9.  Both attorneys consulted regarding the merits of the case after Plaintiff had been indicted on

---

[2] There is no recent published Tenth Circuit decision stating the burden of proof for demonstrating fraudulent joinder.  *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir. 1967).  However, the Tenth Circuit has set out the standard in *Montano* by adopting the Fifth Circuit standard in *Hart*

other criminal charges, after which Defendants decided to terminate the representation of Plaintiff in that lawsuit. ¶ 11.  Defendants assumed that Mr. Smith would file a notice of withdrawal in the case and advise Plaintiff of the need to retain new counsel. ¶ 12.  The draft Third-Party Complaint asserts that Mr. Smith owed a duty as a licensed attorney, pursuant to the agreement between Defendants and Mr. Smith, and that Mr. Smith is liable as a third-party Defendant for all or part of the claims brought by Plaintiff against Defendants.

The Tenth Circuit requires that fraudulent joinder be "established with complete certainty upon undisputed evidence." *Bio-Tec Envir., LLC v. Adams,* 792 F.Supp.2d 1208, 1214 (D.N.M. 2011).  Plaintiff cannot show that Defendants would not be able to establish a cause of action against Mr. Smith based on the allegations in the draft Third-Party Complaint.   Thus, the Court finds that joinder is not improper to the extent that Defendants can establish a cause of action against Mr. Smith.

## II.     Joinder under Rule 19

There is no "prescribed formula" for determining whether a party should be joined under Rule 19 of the Federal Rules of Civil Procedure, and case law supports the proposition that the rule is to be applied on a case-by-case basis. *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.,* 181 F.3d 759, 765 (6th Cir. 1999) (quoting *Niles-Bement-Pond Co. v. Iron Moulders' Union*, 254 U.S. 77, 80 (1920)).  The Court first looks to Fed.R.Civ.P. Rule 19(a) to determine whether there is an absent party who must be joined to the litigation.  If so, the Court then considers whether joinder is feasible, and if not, how the Court should proceed, according to Rule 19(b). District courts are afforded substantial discretion in weighing the Rule 19(b) factors and in determining "how heavily to emphasize certain considerations in deciding whether the action should go forward in the absence of someone needed for a complete adjudication of the dispute." *Walker v.*

*City of Waterbury* 253 Fed.Appx. 58, 62, 2007 WL 3230757, 3 (2d Cir. 2007); 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1604, at 45–46 (1st ed. 1972).

Obviously, the joinder of Mr. Smith is not "feasible" under Rule 19(a) because joinder would deprive the Court of federal jurisdiction, since Mr. Smith is a non-diverse party. Thus, the real question here is whether the action should proceed among the existing parties, or should be dismissed under Rule 12(b)(7). In answering this question, the Court may consider various factors:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:
    (A) protective provisions in the judgment;
    (B) shaping the relief; or
    (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

As mentioned previously, the parties have not provided the Court with any substantive legal argument or guidance on this issue. However, the Court is sufficiently familiar with the case and the underlying facts to conclude that Mr. Smith is an indispensable party to this action and that the case cannot continue in his absence. The draft Third-Party Complaint asserts that Mr. Herrera associated with Mr. Smith in representing Plaintiff in the state court action, and that Mr. Smith's alleged conduct was consistent with an attorney who was counsel of record. While Plaintiff's claims against Mr. Herrera are certainly viable, the draft Third-Party Complaint asserts that Mr. Smith may be liable for some, if not all, of those claims as well. This is not a situation where simply pointing the finger at Mr. Smith would provide the same relief as though

Mr. Smith were present. His absence would be unfair to either party. Plaintiff may not be able to obtain complete relief without Mr. Smith present if it became evident that Mr. Smith was as responsible for the demise of the underlying lawsuit as was Mr. Herrera, assuming the allegations in the complaint to be true. Conversely, Defendants would be prejudiced by Mr. Smith's absence, since the bulk of Mr. Herrera's defense is that Mr. Smith was steering the litigation in the state court case.  To be sure, the extent of Mr. Smith's involvement is a factual matter, but the assertions in the draft Third-Party Complaint are sufficient to support a finding that Mr. Smith is a necessary party to the litigation.

The Court also considers whether Plaintiff would have an adequate remedy if the action were dismissed for nonjoinder under Rule 12(b)(7). In the response, Plaintiff states that he believes the instant motion is a delay tactic because Plaintiff would be forced to re-file in state court.  Doc. 42 at 1.  Thus, it appears that Plaintiffs would not be barred from re-filing in state court because of statute of limitations issues.  A finding of indispensability under joinder rule necessitates dismissal of action for lack of subject matter jurisdiction. Fed.R. Civ.Proc.Rule 19(b), 28 U.S.C.A.  Accordingly, the Court finds that Mr. Smith is an indispensable party to this action under Rule  19 of the Federal Rules of Civil Procedure; that joinder is not feasible because such joinder would deprive this Court of subject matter jurisdiction; and that this action should be dismissed without prejudice in order for Plaintiff to re-file in state court.

Finally, the Court is requiring Defendants to file the proposed Third-Party Complaint with this Court **on or before Wednesday, October 31, 2012,** after which the Court shall dismiss the case without prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Leave to File a Third-Party Complaint **(Doc. 38)** is hereby GRANTED for the reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Defendants shall file their Third-Party Complaint. **on or before Wednesday, October 31, 2012**.  Because the inclusion of Mr. Smith in the Third-Party Complaint destroys diversity jurisdiction in this Court, once Defendants' Third-Party Complaint is filed, an order shall issue dismissing the case without prejudice so that Plaintiff may be able to re-file in state court.

_____
UNITED STATES DISTRICT JUDGE